DOUTHITT *et al., Plaintiffs in Error*, v. STINSON.

**Trustee cannot Maintain Ejectment against cestui que trust.**
    Plaintiffs' ancestor being one of eight persons who constituted and were equally interested in an association, bought land with the funds of the association and took the title to himself. Subsequently he made a deed of the land to the association, and the association made a deed to defendant. Defendant also obtained deeds from all the associates except plaintiffs' ancestor. *Held*, that though the legal title to the whole land remained vested in plaintiff, yet the equitable title to seven-eighths of it had been acquired by defendant, and as to that plaintiff could not recover in ejectment.

*Error to Moniteau Circuit Court.*—HON. GEO. W. MILLER, Judge.

AFFIRMED.

*Moore & Williams* for plaintiffs in error.

*Owens & Wood* for defendant in error.

HENRY, J.—This is an action of ejectment for the west half of the southwest quarter of section 33, township 45, range 16, in Moniteau county. The case was once before in this court, and is reported in 63 Mo. 268, and the defenses then relied upon were the statute of limitations, and an outstanding title in a corporation known as the "Board of Directors of the Town of Lancaster and Lancaster Seminary." The judgment for defendant was reversed and the cause remanded, and thereupon defendant filed an amended answer, alleging that: "In 1839, the following persons: Benjamin Gilbert, G. A. Robertson, Waid Howard, Sen. Thomas, G. Lancaster, Archibald Woods, Samuel Calhoun, Philip Berger and W. W. Douthitt, plaintiff's ancestor, associated themselves together for the purpose of purchasing the land in controversy, and that for that purpose they contributed money in equal parts, and that Douthitt took this money to the land office and entered the land in his own name; that he immediately returned and reported his proceedings to his associates, and that they ratified the same; that Douthitt never asserted title in himself but always proclaimed that he held the same in trust for the parties aforesaid; that the parties aforesaid as associated together, were known as the "Board of Directors of the Town of Lancaster and Lancaster Seminary;" that after the purchase of the land, to-wit: On September 28th, 1839, W. W. Douthitt attempted to discharge himself of said trust, and executed an instrument of writing under seal by which he assumed to convey all his right, title and interest in said land to the "Board of Directors of the Town of Lancaster and Lancaster Seminary;" but that the grantee not being incorporated was incapable of taking the grant, and the legal title remained vested in Douthitt charged with said trust; that Douthitt

fully believed he had divested himself of all title to said real estate, and that he permitted the association to take possession of said land and sell lots thereof; that he assisted them in such sale, and that he ever afterward, to all intents and purposes, treated said attempted conveyance as an absolute deed in fee simple, as he believed it to be, as did also his associates; that the defendant had purchased and became, and was the owner of the interest of all the parties associated together in the purchase of the land, except that of W. W. Douthitt; that Douthitt never had equitable title to more than one-eighth, and that he held the remaining seven-eighths in trust for his said associates, whose interest defendant had purchased and become the owner of and through whom defendant claims title." When the case was here on a former occasion this court decided that the plaintiffs had the legal title to the land, and that they were not barred by the statute of limitations. The facts stated in the amended answer were established by the evidence, at least the circuit court so found, and as there was evidence to support that finding, we are not inclined to disturb it, and are all of opinion that those facts constituted an equitable defense as to seven-eighths of the land. The judgment was in accordance with these views, and is affirmed.